|   |   |
|---|---|
| Robert Michael Hernandez,<br><br>　　　Petitioner<br><br>v.<br><br>Jo Gentry, et al.,<br><br>　　　Respondents | 2:17-cv-02565-JAD-CWH<br><br>**Order Vacating Judgment and Screening Petition** |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

　　　On October 26, 2017, I dismissed this habeas corpus action because petitioner Robert Hernandez had failed to either file a motion for leave to proceed *in forma pauperis* or pay the required filing fee.[1] The following day judgment was entered in favor of respondents and against Hernandez.[2] When I dismissed this action, I did so without prejudice and ordered Hernandez to file a *new* habeas action after paying the filing fee or filing a completed pauper application if he wanted to pursue his habeas claims. Hernandez did not follow my directions; instead he paid the $5.00 filing fee on November 8, 2017.[3] But in the interest of judicial efficiency, I will set aside the dismissal and judgment, direct the Clerk to file Hernandez's habeas petition, and I will screen the petition.

　　　I have reviewed the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. Hernandez has not exhausted with state-court post-conviction relief the lone claim in his petition. A federal court may not grant habeas corpus relief on a claim not exhausted in state court.[4] The exhaustion doctrine is based on the policy of federal-state comity

---

[1] ECF No. 3.

[2] ECF No. 4.

[3] ECF No. 5.

[4] 28 U.S.C. § 2254(b) (2012).

and is intended to allow state courts the initial opportunity to correct constitutional deprivations.[5] To exhaust a claim, a petitioner must fairly present the claim to the highest state court and give that court the opportunity to address and resolve it.[6]

In this federal habeas action, Hernandez asserts only that he was deprived of his right to effective assistance of counsel under the Sixth Amendment. But he indicates in his petition that he has yet to file a state post-conviction petition with respect to the conviction and sentence he is asking me to review.[7] Accordingly, Hernandez may not proceed in this action without first exhausting his claims in state court.

I will grant Hernandez an opportunity to show cause why this action should not be dismissed due to his failure to exhaust his claim in state court. If he fails to show that he exhausted his ineffective-assistance-of-counsel claim within the time allowed, this case will be dismissed.[8]

Hernandez may alternatively file a motion to stay and abey his unexhausted claim as provided in *Rhines v. Weber*.[9] Under *Rhines*, a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts.[10] I will not grant a *Rhines* stay, however, unless Hernandez "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication

---

[5] *Picard v. Conner*, 404 U.S. 270, 275 (1971).

[6] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

[7] ECF No. 1-1 at 1 ("Did you file a petition for post-conviction relief or petition for habeas corpus in state court?" Hernandez checkmarked "No.").

[8] *See Rose v. Lundy*, 455 U.S. 509 (1982).

[9] *Rhines v. Weber*, 544 U.S. 269 (2005).

[10] 544 U.S. at 276; *see Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*).

that the [he] engaged in intentionally dilatory litigation tactics."[11]

Accordingly, IT IS HEREBY ORDERED that the order and judgment entered on October 26 and 27, 2017, **[ECF Nos. 3 and 4]** respectively, are **VACATED**.

The **Clerk of Court** is directed to **DETACH and FILE** the habeas petition **[ECF No. 1-1]**. The **Clerk of Court** is also directed to **ADD Adam Paul Laxalt**, Attorney General of the State of Nevada, as counsel for respondents, **and electronically SERVE a copy of the petition and this order upon the respondents**.

IT IS FURTHER ORDERED that respondents' **counsel must enter a notice of appearance by December 11, 2017**, but need not take further action in the case unless and until the court so orders.

IT IS FURTHER ORDERED that **Hernandez has until December 21, 2017**, to either (1) show cause why I should not dismiss this action as unexhausted, or (2) file a motion to stay and abey this unexhausted claim while he exhausts it first in state court.[12] **If Hernandez does not respond or fails to show good cause, this case will be dismissed without further prior notice**. If Hernandez responds that his lone claim has been exhausted, he must attach with his response copies of any and all papers that were accepted for filing in the state courts that exhausted it. All factual assertions must be specific and supported by competent evidence.

**No extensions of time will be granted to respond to this order except in the most compelling of circumstances**.

DATED: November 20, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[11] *Rhines*, 544 U.S. at 278.

[12] This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.