UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT MICHAEL HERNANDEZ,

Petitioner,

v.

JO GENTRY, et al.,

Respondents.

Case No. 2:17-cv-02565-JAD-CWH

**ORDER**

[ECF No. 9]

On November 21, 2017, this court entered an order directing petitioner Hernandez to either (1) show cause why the court should not dismiss this action as unexhausted, or (2) file a motion for stay and abeyance to allow him to exhaust state court remedies.[1] He chose to file a motion for stay and abeyance.[2] Having considered it, I grant it and stay this case while he continues to exhaust.

**Discussion**

The district court may grant a stay when the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."[3] "The case law concerning what constitutes 'good cause' under *Rhines* has not been developed in great detail."[4] The Supreme Court has addressed the meaning of good cause only once, stating in dicta that "[a] petitioner's

---

[1] ECF No. 6.

[2] ECF No. 9.

[3] *Rhines v. Weber,* 544 U.S. 269, 278 (2005).

[4] *Dixon v. Baker*, 847 F.3d 714, 720 (9th Cir. 2017) (citing *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014) ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust.")).

reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust.[5]

Hernandez represents that he did not exhaust state-court remedies because he assumed the attorney appointed to handle his direct appeal would also pursue post-conviction relief once his appeal was denied. He cites to the state court order appointing counsel, which states that counsel was appointed "to represent the Defendant in all further proceedings in this matter."[6] It appears, however, that Hernandez knew by May 2016 that counsel was no longer assisting him.[7] Thus, the court questions why he waited until October of 2017 to initiate this federal proceeding without pursuing additional state court relief in the interim.

Even so, Hernandez's unexhausted claim is an ineffective-assistance-of-counsel claim. The fact that he did not have assistance of counsel in his first state post-conviction proceeding (i.e., his first opportunity to raise such a claim) is sufficient to establish cause in this case.[8] Plus, it does not appear from the record that Hernandez's claim is "plainly meritless" or that he has engaged in "intentionally dilatory litigation tactics."[9] So I grant his request for a stay.

By doing so, the court is deciding only the preliminary procedural issue of whether the federal action should be stayed while Hernandez pursues further exhaustion in the state courts.[10]

---

[5] *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278).

[6] *See* ECF No. 9 at 9.

[7] *Id.*, p. 2–5.

[8] *See Dixon*, 847 F.3d at 721 ("A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel.").

[9] *See Rhines*, 544 U.S. at 277–78.

[10] *See Blake*, 745 F.3d at 984 (satisfaction of the *Rhines* good-cause standard "only permits a petitioner to return to state court . . . to exhaust his unexhausted claims" and does not necessarily establish cause to overcome a procedural default).

I reserve judgment on the merits of Hernandez's unexhausted habeas claim and as to whether any procedural default of the claim is excusable.

## Conclusion

IT IS THEREFORE ORDERED that petitioner's motion for stay and abeyance **[ECF No. 9] is GRANTED. This action is STAYED pending exhaustion of petitioner's unexhausted claim(s).**

IT IS FURTHER ORDERED that the stay is conditioned upon the following: (1) unless he has already done so, petitioner must file his state post-conviction petition or other appropriate proceeding in state court within 30 days of the date this order is entered; and (2) petitioner must return to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state-court proceedings.

**The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action.**

DATED THIS 13th day of August, 2018.

_____
UNITED STATES DISTRICT JUDGE